J-S72015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DAVID FERNSLER | |
| Appellant | No. 858 MDA 2016 |

Appeal from the PCRA Order May 11, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0002434-2007

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 06, 2016**

Appellant, Michael David Fernsler, appeals from the order entered in the Lebanon County Court of Common Pleas, which denied his third petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinions, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.[2]  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Nothing in the certified record on appeal indicates that the court ordered a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), or that Appellant filed one.

_____

*Retired Senior Judge assigned to the Superior Court.

WHETHER THE [PCRA] COURT ERRED IN FINDING [APPELLANT'S] PCRA AS UNTIMELY WHERE THE UNITED STATES SUPREME COURT IN ***MONTGOMERY V. LOUISIANA*** HELD THAT ANY CASES OUT OF THEIR COURT THAT WERE SUBSTANTIVE IN NATURE WERE RETROACTIVELY APPLICABLE TO ALL THE STATES AND IN DOING SO CAUSED ***ALLEYNE V. U.S.*** TO BECOME RETROACTIVELY APPLICABLE TO [APPELLANT].

WHETHER THE [PCRA] COURT ERRED IN FINDING [APPELLANT'S] PCRA AS UNTIMELY WHERE THE UNITED STATES SUPREME COURT IN ***MONTGOMERY V. LOUISIANA*** HELD THAT ANY CASES OUT OF THEIR COURT THAT WERE SUBSTANTIVE IN NATURE WERE RETROACTIVELY APPLICABLE TO ALL THE STATES AND IN DOING SO CAUSED ***LAFLER V. COOPER***, ***MISSOURI V. FRYE***, ***FERRI V. ACKERMAN***, AND ***STRICKLAND V. WASHINGTON*** TO BECOME RETROACTIVELY APPLICABLE TO [APPELLANT].

WHETHER THE [PCRA] COURT ERRED IN FINDING [APPELLANT'S] PCRA AS UNTIMELY WHERE THE UNITED STATES SUPREME COURT IN ***MONTGOMERY V. LOUISIANA*** HELD THAT ANY CASES OUT OF THEIR COURT THAT WERE SUBSTANTIVE IN NATURE WERE RETROACTIVELY APPLICABLE TO ALL THE STATES AND IN DOING SO CAUSED ***MIRANDA V. ARIZONA***, ***MICHIGAN V. MOSLEY***, ***ARIZONA V. ROBERSON***, ***MINNICK V. MISSISSIPPI***, ***EDWARDS V. ARIZONA*** TO BECOME RETROACTIVELY APPLICABLE TO [APPELLANT].

(Appellant's Brief at vi).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those

findings.  ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).  We give no such deference, however, to the court's legal conclusions.  ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).  The PCRA court findings will not be disturbed unless the certified record provides no support for the findings.  ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008).  There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact.  ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008).  The timeliness of a PCRA petition is a jurisdictional requisite.  ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Robert J. Eby, we conclude Appellant's issues merit no relief.  The trial court opinions comprehensively discuss and properly dispose of the questions presented. (***See*** PCRA Court Opinions, filed April 4, 2016 and May 11, 2016) (finding: Appellant's third PCRA petition was untimely and no timeliness exception applied; all cases Appellant cited in attempt to invoke "new constitutional right" exception were either inapplicable to his case, did not announce "new" constitutional right, announced new right years before Appellant's deadline

- 3 -

to file timely PCRA petition expired, and/or related to claims Appellant already litigated in previous PCRA petitions). We agree with the court's assessment.

Furthermore, neither the U.S. Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), or its state progeny apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that even if *Alleyne* announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that *Alleyne* applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). *See also Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 19, 2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge mandatory minimum sentence as "illegal"). Additionally, the certified record makes clear Appellant was not subjected to any mandatory minimum sentences. Therefore, Appellant's petition remains time barred; and the PCRA court lacked jurisdiction to review it. *See Hackett, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016

ORIGINAL

SCANNED IMAGE

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA

## IN THE COURT OF COMMON PLEAS
## OF LEBANON COUNTY, PENNSYLVANIA 2016 APR 5 AM 9 42

### CRIMINAL DIVISION

|  |  |  |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | |
| | : | **No. CP-38-CR-0002434-2007** |
| **v.** | : | |
| | : | |
| **MICHAEL D. FERNSLER** | : | |

### ORDER OF COURT

**AND NOW**, to wit, this _4th_ day of April, 2016, upon careful consideration of Defendant's "Motion for Post Conviction Collateral Relief" and the Commonwealth's Response thereto, the Defendant is hereby notified that it is the intention of the Court to dismiss his claim for relief without a hearing for the reasons set forth below:

1. The Defendant filed a Motion for for Post Conviction Collateral Relief on March 2, 2016, arguing he is entitled to relief based upon the holding of the United States Supreme Court in *Montgomery v. Louisiana*.

2. In response to a Rule issued by this Court, the Commonwealth filed a response on March 14, 2016 alleging that Defendant's motion is untimely, is a second or subsequent petition, and seeks to relitigate issues previously litigated or waived.



3. A petition filed pursuant to the PCRA must be filed within one (1) year of the date that the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review or at the expiration of time for seeking the review. §9545(b)(3).

4. "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1267-68 (2004).

5. The Defendant was sentenced by this Court at the above action number on May 14, 2008. The Defendant had 30 days—until June 13, 2008-- to appeal that judgment of sentence to the Superior Court. He did not do so.

6. Defendant's Judgement of Sentence thus became final on June 13, 2008, and under the one year time limitation prescribed by § 9545(b)(1), he had until June 13, 2009 to file for relief under the PCRA.

7. Defendant's Motion for Post Conviction Collateral Relief filed on March 2, 2016 is therefore untimely.

8. 42 Pa.C.S. §9545(b) (1) provides for specific exceptions to the timeliness requirements of the Act. To avail himself of one of these exceptions, the Defendant must plead and prove one or more of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that Court to apply retroactively.

9. Citing the recent Supreme Court case of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Defendant attempts to plead the third exception, a new constitutional right recognized by the Supreme Court of the United States held to apply retroactively.

10. In *Montgomery v. Louisiana*, the Court held that its 2012 decision in *Miller v. Alabama* (which prohibited mandatory life sentences without parole for juvenile offenders) announced a substantive rule of constitutional law that therefore must be applied retroactively on state collateral review.

11. Substantively, *Montgomery v. Louisiana* and *Miller v. Alabama* are inapposite to the Defendant's claims of error in his Motion for Post Conviction Relief. Defendant was not a juvenile at the time of his sentence. Nor was the Defendant sentenced to mandatory life imprisonment without the possibility of parole.

12. The Defendant has failed to plead a new[1] substantive constitutional rule entitling him to relief on the claims asserted.

13. As a result, the Defendant has failed to specifically plead and prove any of the above exceptions to timeliness under the Act.

---

1 The PCRA requires that any petition invoking an exception to the timeliness requirements of the Act shall be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(2). The Defendant has attempted to bootstrap other decisions of the Supreme Court to his claim for relief, including *Miranda v. Arizona, Missouri v. Frye*, and *Lafler v. Cooper*. All of these cases are outside the 60-day window provided by the Act.

14. Therefore, this Court is without jurisdiction to consider Defendant's claims for relief. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1161 (2008)

B. Second or Subsequent Petition

15. A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 557 Pa. 135, 141, 732 A.2d 582, 586 (1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Commonwealth v. Ali*, 86 A.3d 176-77 (Pa. February 18, 2014).

16. Defendant's March 2, 2016 Motion for PCRA relief constitutes his third PCRA action at the instant action number.

17. The Defendant filed his first PCRA Petition at this action number on May 15, 2009. The Defendant's first Petition raised issues surrounding his guilty plea, the effectiveness of his counsel, and various issues concerning his constitutional rights and police conduct.

18. This Court dismissed Defendant's first PCRA Petition on September 24, 2009, and that dismissal was upheld by the Superior Court on July 22, 2010.

19. On June 19, 2012, the Defendant filed a second PCRA Petition challenging the ineffectiveness of plea counsel, violations of his constitutional rights by police, and the length of his sentence.

20. This court dismissed Defendant's second PCRA Petition on September 26, 2012, and that dismissal was upheld by the Superior Court on September 17, 2013. The Supreme Court denied Defendant's Petition for Allowance of Appeal on February 19, 2014.

21. Defendant's third PCRA Petition fails to allege or make a strong *prima facie* showing demonstrating that a miscarriage of justice may have occurred as required by *Ali, supra*.

22. This Court, therefore, cannot entertain the March 2, 2016 Petition.

## C. Claim of error previously litigated

23. The Act states, in pertinent part, "To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. §9543(a)(3)

24. Defendant's third PCRA Petition once again attempts to impermissibly relitigate the issue of the ineffectiveness of his plea counsel, constitutional violations by the police, and the length of his sentence.

25. We therefore find that several of the issues raised by Defendant in his third PCRA have already been "raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544.

For the foregoing reasons, we are satisfied from our review of the Defendant's motion and the record that there are no genuine issues concerning any material fact, that the defendant is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings. Therefore, under Pa.R.Crim.P. 907(1), the Defendant is given notice that it is the intention of the Court to dismiss his Motion to Amend, which we have treated as a Petition for Post-Conviction Collateral Relief, without a hearing. Defendant is afforded twenty (20) days from the date of this Order to file a response to our proposed dismissal without a hearing sufficiently pleading the factual and

Defendant is given notice that it is the intention of the Court to dismiss his Motion to Amend, which we have treated as a Petition for Post-Conviction Collateral Relief, without a hearing. Defendant is afforded twenty (20) days from the date of this Order to file a response to our proposed dismissal without a hearing sufficiently pleading the factual and legal bases upon which he is entitled to relief. The Defendant is directed to serve a copy of any response filed upon the undersigned jurist.

BY THE COURT:

_____, S.J.

Robert J. Eby

RJE/kw

pc:   District Attorney (Interoffice Mail)
Michael D. Fernsler (Certified Mail at SCI Retreat, Inmate No. HQ0102, 660 State Route 11, Hunlock Creek, PA 18621) # 7001 2510 0003 2450 0846

PURSUANT .O Pa R.Crim, P. 114
All parties are here notified
this date: 4 5 [??]
Clerk of Courts, Lebanon, PA

ORIGINAL

Circulated 09/20/2016 03:42 PM

## IN THE COURT OF COMMON PLEAS
## OF LEBANON COUNTY, PENNSYLVANIA

ENTERED AND FILED
CLERK OF COURTS
LEBANON, PA

2016 MAY 13  AM 11 02

### CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

:
:
:    **No. CP-38-CR-0002434-2007**

v.

:
:

MICHAEL D. FERNSLER

:

## ORDER OF COURT

**AND NOW,** to wit, this __11th__ day of May, 2016, upon careful consideration of Defendant's Petition for Post-Conviction Collateral Relief filed on March 2, 2016, the Commonwealth's Response thereto, our Order of April 4, 2016, wherein we expressed our intention to dismiss Defendant's Petition without a hearing and afforded Defendant twenty (20) days to file a Response to the proposed dismissal, indicating an intention to dismiss Defendant's claim, and the Defendant's Response to the Proposed Dismissal,

we hereby deny the relief sought by Defendant and order dismissal of his Petition filed March 2, 2016.

The Defendant is advised that he has the right to appeal the denial of relief and dismissal of his Petition to the Superior Court of Pennsylvania. An appeal must be filed in writing no later than thirty days from the date of this Order.

BY THE COURT:

_____, S.J.
Robert J. Eby

RJE/kw



pc:     District Attorney (Interoffice Mail) �run
        Michael D. Fernsler (Certified Mail at SCI Retreat, Inmate No. HQ0102, 660 State Route
        11, Hunlock Creek, PA 18621) # 7001 2510 0003 2450 0860 -markt

PURSUANT TO Pa.R.Crim. P. 114
    All parties are hereby notified
    this date: __S.13.16__.
    Clerk of Courts, Lebanon, PA

# IN THE COURT OF COMMON PLEAS
# OF LEBANON COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

    v.

MICHAEL D. FERNSLER

:
:
:
:
:
:
:
:

No. CP-38-CR-0002434-2007

## OPINION BY EBY, S.J. May 11, 2016

Before the Court is the Defendant's third petition for Post-Conviction Collateral Relief, in which the Defendant argues he is entitled to relief from his 2008 convictions for sexual assault and kidnapping based upon the recent holding of the United States Supreme Court in *Montgomery vs. Alabama*. For the reasons that follow, we will deny the relief sought and dismiss the Defendant's Petition.

## Procedural and Factual History

Members of the Lebanon County Detective Bureau filed a Criminal Complaint against the Defendant on November 13, 2007, following his apprehension for the kidnapping and sexual assault of a 14-year-old girl, C.G.. The Affidavit of Probable Cause indicates that, on that date, the Defendant grabbed C.G. as she walked to her residence after being dropped off by a school bus. The Defendant bound C.G.'s hands and eyes and led her at knifepoint into a wooded area, threatening her with bodily harm if she resisted. Once in the wooded area, the Defendant fondled C.G.'s breasts and penetrated her vaginal area with his hand. He then removed his pants and exposed himself. C.G. was able to remove the tape covering her mouth and began to scream and fight with the

1

Defendant. After managing to free herself from her bindings, C.G. fled and called the police. Although the Defendant had been wearing a mask, C.G. recognized the Defendant as someone she knew by his eyes and voice, and responding police were able to apprehend him a short distance from the assault scene.

The Commonwealth filed a Criminal Information against the Defendant on January 4, 2008, charging him with two counts of Kidnapping and one count each of Criminal Attempt to Commit Rape, Aggravated Indecent Assault, Indecent Assault, Terroristic Threats, Unlawful Restraint, Indecent Exposure, and Recklessly Endangering Another Person. On March 20, 2008, the Defendant initialed and signed a guilty plea colloquy form, which included the terms of a Negotiated Plea Agreement with the Commonwealth. Under that Agreement, the Defendant agreed to plead guilty to all charges. In exchange for his guilty plea, the Defendant was to receive a minimum sentence of five (5) years on the Criminal Attempt Rape charge, three and one half years (3 ½) years on the Kidnapping charge, and three and one half years (3 ½) years on the Aggravated Indecent Assault charge. The sentences were to run consecutively for an aggregate minimum sentence of twelve (12) years, with the Court to set a maximum sentence. The remaining charges were to either merge or run concurrently. That colloquy form was filed on March 26, 2008, after the Defendant entered his guilty plea in open court.

On May 14, 2008, this Court sentenced the Defendant, pursuant to the Negotiated Plea Agreement, to an aggregate sentence of 12 to 35 years of imprisonment. The Court's

2

aggregate sentence was to run consecutively to any other sentence the Defendant was currently serving.[1] The Defendant did not file post-sentence motions or a direct appeal.

On May 15, 2009, the Defendant filed his first PCRA Petition. The Defendant's pro se Petition asserted plea counsel was ineffective with regard to Defendant's entry of a guilty plea because counsel did not meet with him or take into account case law the Defendant had located. Defendant's Petition also asserted that his constitutional rights were violated when law enforcement officers questioned him after he had requested an attorney.

Following the appointment of counsel for the Defendant and a Motion to Dismiss filed by the Commonwealth, this Court filed an Order and Opinion on September 1, 2009, indicating our intention to dismiss Defendant's Petition without a hearing and affording him twenty (20) days in which to file a Response. The Defendant did not file a Response, and on September 24, 2009, this Court denied the relief sought and dismissed Defendant's Petition without a hearing.

On October 26, 2009, the Defendant filed a Notice of Appeal to the Pennsylvania Superior Court from our denial of PCRA relief. On July 22, 2010, the Superior Court affirmed the denial of PCRA relief. See Commonwealth v. Fernsler, 1852 MDA 2009 (unpublished memorandum) (Pa. Super. July 22, 2010).

On June 15, 2012, the Defendant filed a second PCRA Petition. The claims raised by Defendant in that Petition included another challenge to the effectiveness of counsel during the plea bargaining process. Specifically, the Defendant argued that, though

---

[1] At the time of his Lebanon County sentencing on March 26, 2008, the Defendant was currently serving a 25-50 year aggregate sentence imposed in Dauphin County on January 25, 2008 on convictions resulting in his designation as a Sexually Violent Predator.

3

untimely on its face, his Petition fell within the § 9545(b)(1)(iii) exception to the timeliness requirements of the Act, because the *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012) decisions of the United States Supreme Court announced a new constitutional right of effective assistance of counsel during the plea bargaining process. The Defendant argued that he was entitled to relief on the claims that trial counsel failed to negotiate a reasonable plea agreement and that this Court had imposed an illegal aggravated sentence without challenge from plea counsel. Finally, Defendant argued that trial counsel was ineffective for failing to question the charge of indecent assault-mental disease/defect.

On August 29, 2012, this Court issued a Pa.R.Crim.P. 907(1) Notice of Intent to Dismiss and ultimately dismissed the Defendant's second PCRA Petition on September 26, 2012. On September 17, 2013, the Superior Court affirmed that dismissal, holding specifically that "Appellant cannot rely on *Frye* and *Cooper* because neither case announces a newly recognized constitutional right....both cases clarify conduct constituting ineffective assistance of counsel during the plea bargaining process and do not create a newly recognized constitutional right. The right to effective assistance of counsel during plea bargaining has been recognized since *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985)." *Commonwealth v. Fernsler*, 1894 MDA 2012 (unpublished memorandum) (Pa. Super. September 17, 2013) at 7-8.

The Defendant filed a Petition for Allocator on October 17, 2013, which the Supreme Court denied on February 19, 2014.

The Defendant filed the instant PCRA action on March 2, 2016 expressly relying upon the United States Supreme Court's January 27, 2016 decision in *Montgomery v.*

4

*Alabama*. Following a Rule issued by this Court, the Commonwealth filed a Response on March 14, 2016. On April 5, 2016, we entered a detailed Order pursuant to Pa.R.Crim.P. 907(1), indicating an intention to deny relief and dismiss the Defendant's Petition without a hearing. Our Order indicated that the Defendant's Petition was an untimely second or subsequent petition which failed to plead an applicable exception to the timeliness requirements of the Act and sought to relitigate issues previously litigated or waived. Our Order further afforded the Defendant twenty (20) days to file a Response. The Defendant filed his Response to our proposed dismissal on April 12, 2016, and the matter is now ripe for our disposition.

## Discussion

### 1. Timeliness

Our Rule 907(1) Order indicated an intention to dismiss Defendant's Petition because it was untimely. Defendant's Response to that Order does not convince us otherwise.

As noted above, the Defendant was sentenced by this Court at the above action number on May 14, 2008. The Defendant had thirty (30) days to appeal that judgment of sentence to the Superior Court. He did not do so. Because a judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking review, the Defendant's judgment became final on June 13, 2008. 42 Pa.C.S.A. §9545(b)(3). Since petitions filed pursuant to the PCRA must be filed within one (1) year of the date that the judgment becomes final, the Defendant had until June 13, 2009 to file for relief under the Act. 42 Pa.C.S.A. §9545(b)(1). The Petition filed with this Court on

5

March 2, 2016, nearly seven years past the deadline for filing a timely PCRA Petition, is clearly untimely.

"The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1267-68 (2004). Thus, we do not have jurisdiction to consider the merits of Defendant's Petition currently before the Court unless it meets an exception to the timeliness requirements of the Act.

The PCRA provides for three specific exceptions to the timeliness requirements of the Act. To avail himself of one of these exceptions, the Defendant must plead and prove one or more of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by the Court to apply retroactively.

42 Pa.C.S.A. §9545(b)(1). Citing the recent Supreme Court decision of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), both the Defendant's Petition and his Response to our 907(1) Order attempt to plead the third exception, a new constitutional right recognized by the Supreme Court of the United States held to apply retroactively. We believe the Defendant misapprehends the import and scope of the *Montgomery v. Louisiana*, which held that the Court's 2012 decision in *Miller v. Alabama*, 132 S.C. 2455 (2012) announced

6

a new substantive rule of constitutional law that therefore must be applied retroactively on state collateral review.

We begin by noting that, substantively, *Montgomery v. Louisiana* and *Miller v. Alabama* are inapposite to the Defendant's claims of error in his Motion for Post Conviction Relief. The Defendant was not a juvenile at the time of his sentence. Nor was the Defendant sentenced to mandatory life imprisonment without the possibility of parole. The specific new constitutional right announced by *Miller* (the right of juvenile defendants to not face mandatory life sentences), as made retroactive by *Montgomery,* clearly provides no basis for relief for the Defendant.

The Defendant appears to base his claim for relief on the broader principle of the *Montgomery* decision, particularly the following language: "The Court now holds that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Montgomery,* 136 S.Ct. at 729. Relying upon that language, the Defendant asserts: "Montgomery ruled that any case based on Constitutional premises is retroactive to collateral review;..." Defendant's Response to Proposed Dismissal at 2, ¶¶7,11. Based upon that incorrect interpretation, the Defendant then erroneously concludes that "Miranda, Frye, Cooper, and Alleyne are retroactively applicable." *Id.* at ¶11.

We begin our analysis by correcting the Defendant's misinterpretation of the *Montgomery* decision as implicating all Constitutional decisions of the Supreme Court. Of particular note for the instant case, *Montgomery* does not make those decisions clarifying existing constitutional rights retroactive. It certainly does not, as asserted by the Defendant, make *all* previous decisions of the United States Supreme Court resting on

7

constitutional grounds retroactive. Instead, as explicitly stated in its holding, *Montgomery* makes retroactive only those decisions which announce a *new* substantive rule of constitutional law that controls the outcome of a case. For a variety of reasons, the Defendant's attempt to bootstrap the Court's decisions in *Miranda v. Arizona, Missouri v. Frye, Lafler v. Cooper,* and *Alleyne v. United States* decisions to that specific holding of *Montgomery v. Alabama* in order to satisfy the §9545(b)(1)(iii) exception to timeliness is unpersuasive. We will analyze each of those reasons in turn.

With respect to the Supreme Court decisions of *Missouri v. Frye,* 132 S.Ct. 1399 (2012) and *Lafler v. Cooper,* 132 S.Ct. 1376 (2012), the Pennsylvania Superior Court specifically ruled in the context of Defendant's second PCRA Petition that those 2012 cases did not announce a newly recognized constitutional right. Rather, they clarified conduct constituting ineffective assistance of counsel during the plea bargaining process. *Commonwealth v. Fernsler,* 1894 MDA 2012 (unpublished memorandum) (Pa. Super. September 17, 2013) at 7-8. Because the right to effective assistance of counsel had been recognized since *Strickland v. Washington,* 466 U.S. 668 (1984) and *Hill v. Lockhart,* 474 U.S. 52 (1985), the Superior Court held that the *Missouri v. Frye* and *Lafler v. Cooper* decisions could not provide the basis for a §9545(b)(1)(iii) exception to the timeliness requirements of the PCRA for the Defendant's claims. *Id.* We are persuaded that the United States Supreme Court's decision in *Montgomery v. Alabama* does nothing to change that analysis.

With regard to the *Alleyne v. United States* decision, a brief review of the facts of that case dispels any suggestion that it can provide, via the retroactivity train of *Montgomery v. Alabama,* relief to the Defendant. Simply put, the issue in *Alleyne* has no

parallel to the issues of the instant case. *Alleyne v. United States,* 133 S.Ct. 2151 (2013), addressed the propriety of judicial fact-finding which increased the mandatory minimum sentence of a crime in excess of that specifically authorized by a jury in reaching its verdict on the elements of an offense. The Supreme Court held that the sentencing judge could not enhance, based upon the trial judge's own fact finding at trial, a mandatory minimum sentence not substantiated by the verdict of the jury, when the jury refused to find the defendant had committed the enhancing element. In the instant case, there was no jury trial. There were no jury findings that this Court superseded with its own fact-finding. Rather, the Defendant pleaded guilty pursuant to a Negotiated Plea Agreement, in which his minimum sentence on each offense was negotiated and agreed upon. Any right established by *Alleyne,* whether made retroactive by *Montgomery v. Alabama* or not, does not apply to Defendant's case.

Finally, Defendant's attempts to challenge his questioning by a detective after he requested an attorney based upon the retroactivity of *Miranda v. Arizona* similarly does not satisfy the §9545(b)(1)(iii) exception to timeliness. *Miranda v. Arizona,* 384 U.S. 436 (1966) was decided by the Supreme Court in 1966, decades *before* the Defendant was charged and pleaded guilty to the charges at issue in this case. The Defendant cannot do an end-run around the timeliness requirements of the PCRA by attempting to argue the retroactive application of a right that was firmly rooted in American jurisprudence even before he was born.[2]   The express language of the §9545(b)(1)(iii) exception-- a

---

[2] We adopt as well the reasoning and language of the Superior Court in resolving a similar claim for relief in Defendant's first PCRA. "To be eligible for relief, appellant is required to plead and prove that the allegations of error he raises have not been previously litigated or waived.... '[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in prior state post-conviction proceedings.' 42 Pa.C.S.A. §9544(b). As appellant never raised these disputes before his plea, at the time of his plea, at sentencing, in a post-sentence motion, or on direct appeal, the PCRA court properly found them to be waived....[I]t is well settled that a plea of guilty

constitutional right recognized by the Supreme Court of the United States "*after* the time period provided in this section"-- precludes such an argument.

Because the Defendant has failed to specifically plead and prove any of the exceptions to timeliness under the Act, we are without jurisdiction to consider his claims for relief. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2008).

### 2. Second or subsequent decision

We also note that the PCRA Petition currently pending before the Court represents the Defendant's third at this action number. A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 557 Pa. 135, 141, 732 A.2d 582, 586 (1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Commonwealth v. Ali*, 624 Pa. 309, 315, 86 A.3d 173, 176-77 (February 18, 2014).

The Defendant has not pleaded or proven his innocence of the crimes for which he was charged and sentenced. Indeed, he cannot do so, as he pleaded guilty, pursuant to a negotiated plea agreement, to all charges. Moreover, we do not find that any of the issues he has raised resulted in a conviction that was so unfair that a miscarriage of

---

amounts to a waiver of all defects and defenses except those concerning jurisdiction of the court, the validity of the plea, or the legality of the sentence imposed...As appellant's contentions fall outside these three narrow categories, we may not address them." *Commonwealth v. Fernsler*, 1852 M.D. 2009 (memorandum opinion) (Pa. Super. July 22, 2010) at 8-9 (citations omitted).

justice occurred that no civilized society could tolerate. This Court, therefore, has no basis to entertain the Defendant's third PCRA Petition at this action number.

### 3. Claim of error previously litigated

The PCRA states, in pertinent part, "To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. §9543(a)(3). Defendant's third PCRA Petition attempts to impermissibly relitigate the issue of the ineffectiveness of his plea counsel, constitutional violations by the police, and the length of his sentence, all issues raised in his previous PCRAs. Therefore, in addition to finding, as noted above, that the Defendant has waived the claims for relief currently before this Court, we also find that the issues raised by Defendant in his third PCRA, including the ineffectiveness of his plea counsel, alleged *Miranda* violations by the police, and the length of his sentence, have already been "raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544.

For these reasons, we are satisfied from our review of the Defendant's Petition and the record of this case that there are no genuine issues of material fact, that the Defendant is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings. Therefore, consistent with the stated intentions of our Order of April 4, 2016, we will enter an Order dismissing the Defendant's Petition and denying his claims for relief.

11